UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY NATALE, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PFIZER INC.,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 05-CV-10590-WGY |

**ANSWER OF DEFENDANT PFIZER INC. TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Pfizer Inc. ("Pfizer"), by and through its undersigned attorneys, responds to plaintiff's Class Action Complaint ("Complaint") as follows:

**NATURE OF THE ACTION**

1.　　Denies the allegations of paragraph 1 of the Complaint, except admits that plaintiff purports to bring this action individually and on behalf of all similarly situated Massachusetts consumers of Listerine® Antiseptic Mouthrinse ("Listerine"); admits that Pfizer sells over-the-counter products; and admits that Pfizer sells Listerine, an essential oil-containing antiseptic mouthwash.

2.　　Denies the allegations of paragraph 2 of the Complaint, except admits that Pfizer has advertised the "as effective as floss against plaque and gingivitis between teeth" claim on television, in a free-standing insert ("FSI") and on the neck tags of Listerine bottles; admits that plaintiff has partially quoted from Pfizer's advertising; admits that plaintiff purports to seek to recover damages on behalf of himself and the alleged Class; and refers to the advertising for

31029580.WPD

the contents thereof.

## PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, except admits that plaintiff purports to bring the action individually and on behalf of all other similarly situated Massachusetts consumers who purchased Listerine during the "Class Period."

4. Admits the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Denies the allegations of paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's residence or the county in which class members allegedly purchased Listerine, and states that the allegations regarding personal jurisdiction and venue are legal conclusions to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. Denies the allegations of paragraph 7 of the Complaint, except admits that the first sentence of paragraph 7 is a partial description of dental plaque and admits that plaque adheres to the teeth and other surfaces in the mouth.

8. Denies the allegations of paragraph 8 of the Complaint, except admits the allegations in the first sentence of paragraph 8 and admits that periodontitis is a gum disease characterized by alveolar bone loss and destruction of the periodontal ligament which connects the teeth to the adjacent bone.

9. Denies the allegations of paragraph 9 of the Complaint, except admits the allegations in the first sentence of paragraph 9, admits that the American Dental Association ("ADA") has discussed flossing in written materials, and refers to the ADA materials for the contents thereof.

10. Denies the allegations of paragraph 10 of the Complaint, except admits that Listerine is an over-the-counter chemotherapeutic mouthwash containing essential oils used in oral hygiene; admits that Listerine has adjunctive benefits when used in conjunction with regular flossing; admits that Pfizer markets Listerine; and admits that Pfizer has stated that Listerine is not a replacement for floss.

11. Denies the allegations of paragraph 11 of the Complaint, except admits that Pfizer's Listerine advertising is based upon two studies, and refers to the advertising and the studies for the contents thereof.

12. Denies the allegations of paragraph 12 of the Complaint, except admits that plaintiff has partially quoted from the studies and study reports, and refers to the studies and study reports for the contents thereof.

13. Denies the allegations of paragraph 13 of the Complaint, except admits that plaintiff has partially quoted from the "report to dental professionals," and refers to the "report to dental professionals" for the contents thereof.

14. Denies the allegations of paragraph 14 of the Complaint.

15. Denies the allegations of paragraph 15 of the Complaint, except admits that beginning in or about June 2004, Pfizer broadcast a television commercial entitled "Big Bang," and refers to the commercial for the contents thereof.

16. Denies the allegations of paragraph 16 of the Complaint, except admits

that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

17. Denies the allegations of paragraph 17 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

18. Denies the allegations of paragraph 18 of the Complaint, except admits that on or about August 13, 2004, Pfizer broadcast a revised Big Bang television commercial and refers to the commercial for the contents thereof.

19. Denies the allegations of paragraph 19 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

20. Denies the allegations of paragraph 20 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

21. Denies the allegations of paragraph 21 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

22. Denies the allegations of paragraph 22 of the Complaint, except admits that on or about September 15, 2004, Pfizer began airing a second revised Big Bang television commercial, and refers to the commercial for the contents thereof.

23. Denies the allegations of paragraph 23 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

24. Denies the allegations of paragraph 24 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

25. Denies the allegations of paragraph 25 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

26. Denies the allegations of paragraph 26 of the Complaint.

27. Denies the allegations of paragraph 27 of the Complaint.

28. Denies the allegations of paragraph 28 of the Complaint.

29. Denies the allegations of paragraph 29 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

30. Denies the allegations of paragraph 30 of the Complaint, except admits that plaintiff has partially quoted from the study reports, and refers to the study reports for the contents thereof.

31. Denies the allegations of paragraph 31 of the Complaint and refers to the studies for the contents thereof.

32. Denies the allegations of paragraph 32 of the Complaint, except admits that plaintiff has partially quoted from the study reports, and refers to the study reports for the contents thereof.

33. Denies the allegations of paragraph 33 of the Complaint, except admits that Pfizer has published an FSI and affixed neck tags and shoulder labels to its bottles of Listerine, all of which contained the "as effective as floss against plaque and gingivitis between

teeth" claim, and that plaintiff has partially quoted from the FSI and shoulder labels, and refers to the FSI, neck tags and shoulder labels for the contents thereof.

34. Denies the allegations of paragraph 34 of the Complaint, except admits that its website for Listerine contained the "as effective as floss against plaque and gingivitis between teeth" claim, and refers to the CVS drugstore circular and website for the contents thereof.

35. Denies the allegations of paragraph 35 of the Complaint, except admits that some dental professionals recommend to consumers that they floss; admits that Pfizer advertisements have included statements such as "floss daily;" admits that the ADA has discussed flossing in written materials; and refers to the ADA materials for the contents thereof.

36. Denies the allegations of paragraph 36 of the Complaint, except admits that Pfizer has been preliminarily enjoined from advertising its "Listerine is as effective as floss against plaque and gingivitis between teeth" claim.

37. Denies the allegations of paragraph 37 of the Complaint, except admits that in September 2004, McNeil-PPC, Inc. filed suit in the U.S. District Court for the Southern District of New York against Pfizer under the Lanham Act and admits that by that action, PPC sought (1) an injunction against Pfizer's "Listerine is as effective as floss against plaque and gingivitis between teeth" claim, (2) "corrective advertising" and (3) damages, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged market success of McNeil-PPC, Inc.'s floss products.

38. Denies the allegations of paragraph 38 of the Complaint, except admits that on January 10, 2004, the Court in the Southern District of New York granted a preliminary injunction ordering Pfizer to cease advertisements that claim Listerine is as effective as floss in

fighting plaque and gingivitis between teeth; admits that plaintiff has partially quoted from the decision; and refers to the decision for the contents thereof.

39. Denies the allegations of paragraph 39 of the Complaint and refers to the Complaints for the contents thereof.

## CLASS ACTION ALLEGATIONS

40. Denies the allegations of paragraph 40 of the Complaint, except admits that plaintiff purports to bring the action as a class action on behalf of himself and all other similarly situated Massachusetts consumers who purchased Listerine during the "Class Period."

41. Denies the allegations of paragraph 41 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's knowledge.

42. Denies the allegations of paragraph 42 of the Complaint.

43. Denies the allegations of paragraph 43 of the Complaint, except denies knowledge or information sufficient to form a belief as to the quality or experience of class counsel.

44. Denies the allegations of paragraph 44 of the Complaint.

45. Denies the allegations of paragraph 45 of the Complaint.

46. Denies the allegations of paragraph 46 of the Complaint.

## COUNT I
## (COMMON LAW FRAUD)

47. Reasserts paragraphs 1 through 46 of this Answer as if fully set forth herein.

48. Denies the allegations of paragraph 48 of the Complaint.

49. Denies the allegations of paragraph 49 of the Complaint.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Denies the allegations of paragraph 51 of the Complaint.

## DEFENSES

By alleging the following as "defenses," defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of them.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff cannot recover on his claim because plaintiff did not plead fraud with sufficient particularity, as required by Mass. R. Civ. P. 9(b).

## THIRD DEFENSE

Plaintiff's claim is barred in whole or in part because plaintiff purchased the products at issue with no reliance on the allegedly false statements.

## FOURTH DEFENSE

Plaintiff cannot recover on his claim because plaintiff suffered no injury as the proximate result of any actions by defendant alleged in the Complaint.

## FIFTH DEFENSE

Notwithstanding the claims and contentions in the Complaint, plaintiff received all or substantially all of the benefits from the products at issue that he bargained for when he purchased them, and to that extent any damages and/or restitution that he might be entitled to recover must be correspondingly reduced.

**SIXTH DEFENSE**

Plaintiff's claim is barred in whole or in part because plaintiff voluntarily purchased the products at issue with full knowledge of the facts.

**SEVENTH DEFENSE**

Plaintiff cannot recover on his claim to the extent that he did not timely revoke his acceptance of the products at issue.

**EIGHTH DEFENSE**

Plaintiff cannot recover on his claim to the extent that his behavior has been inconsistent with any intent to revoke acceptance of his purchase of the products at issue.

**NINTH DEFENSE**

To the extent plaintiff seeks restitution on behalf of people who used the products at issue and suffered no loss as a result thereof, restitution is unavailable as nothing has been taken from those persons which, in equity, should be restored.

**TENTH DEFENSE**

Plaintiff's alleged damages, if any, are barred in whole or in part by his failure to mitigate.

**ELEVENTH DEFENSE**

Plaintiff's claim is barred in whole or in part because plaintiff's alleged damages were the result of intervening or superseding conduct of plaintiff and/or third parties over whom Pfizer had no control.

**TWELFTH DEFENSE**

To the extent plaintiff seeks relief on behalf of persons who resold the products at issue, plaintiff cannot recover on the claim because these persons' alleged damages, if any, were

passed on to third parties.

### THIRTEENTH DEFENSE

To the extent plaintiff purports to assert claims under Massachusetts law based on national television advertising of the products at issue, plaintiff cannot recover on the claims by reason of the Commerce Clause of the United States Constitution.

### FOURTEENTH DEFENSE

Plaintiff cannot recover on his claim because all advertisements, packaging and labeling with respect to the products at issue constitute protected commercial speech under the applicable provisions of the United States and Commonwealth of Massachusetts Constitutions.

### FIFTEENTH DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

### SIXTEENTH DEFENSE

Defendant invokes each and every statutory and common law defense available to it under each law applicable to any claim alleged in the Complaint.

### SEVENTEENTH DEFENSE

Defendant invokes each and every constitutional defense available to it under each federal or state Constitution (or similar charter), including, but not limited to, provisions relating to due process, access to the courts, freedom of speech, and limitations on compensatory damages or punitive damages, applicable to any claim alleged in the Complaint.

### EIGHTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as

may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Pfizer requests that judgment be entered in its favor and it be awarded its costs, its attorneys' fees and such other relief as the Court may deem proper.

DATED this 29th day of April, 2005.

    Respectfully submitted,

    PFIZER INC.
    By its attorneys,


    _/s/ William M. Cowan_____
    William M. Cowan, Esquire, BBO #566940
    Dora Kripapuri, Esquire, BBO #654236
    Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
    One Financial Center
    Boston, MA  02111
    (617) 542-6000


    OF COUNSEL:

    Thomas A. Smart, Esquire
    Richard A. DeSevo, Esquire
    Kaye Scholer LLP
    425 Park Avenue
    New York, NY  10022
    (212) 836-8000