UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY NATALE, on behalf of himself )<br>and all others similarly situated, )<br>                                       )<br>           Plaintiff,              )<br>                                       )<br>      v.                               )<br>                                       )<br>PFIZER, INC.,                          )<br>                                       )<br>           Defendant.             )<br>_____) | Civil Action No. 05-cv-10590-WGY |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY
IN SUPPORT OF MOTION TO REMAND**

Pursuant to Local Rule 7.1(B)(3), Plaintiff, Jerry Natale, by and through his undersigned counsel of record, respectfully moves for leave of court to file a reply memorandum in further support of his Motion to Remand. The proposed reply memorandum is submitted herewith.

In support of this Motion, Plaintiff contends that a reply memorandum is necessary in order to address the arguments and assertions contained in the Defendant's Opposition to the Motion to Remand. In particular, Plaintiff finds it necessary to address the misstatements of law in the Defendant's Opposition and the additional arguments and citation to authorities not contained in the Defendant's Notice of Removal.

WHEREFORE, the Plaintiff respectfully requests leave of Court to file the contemporaneously submitted reply memorandum in support of his Motion to Remand.

CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

Undersigned counsel hereby certify that they conferred with counsel for the Defendant in

a good faith effort to resolve or narrow the issues raised by this Motion but were unable to do so.


Dated: May 20, 2005                                    Respectfully submitted,

                                                       /s/David Pastor
                                                       David Pastor (BBO# 391000)
                                                       GILMAN AND PASTOR, LLP
                                                       60 State Street
                                                       37th Floor
                                                       Boston, MA 02109
                                                       Telephone: (617) 742-9700

                                                       **Counsel for Plaintiff**


Of Counsel

Jacqueline Sailer
Gregory Linkh
MURRAY, FRANK & SAILER, LLP
275 Madison Avenue  Suite 801
New York, NY 10016-1101
Telephone:  (212) 682-1818

Roy A. Katriel
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW   Suite 500
Washington, DC 20007
Telephone:  (202) 625-4342

00004774.WPD ; 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERRY NATALE, on behalf of himself )
and all others similarly situated, )
)
        Plaintiff, )
) Civil Action No. 05-cv-10590-WGY
    v. )
)
PFIZER, INC., )
)
        Defendant. )

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff, by and through his undersigned counsel of record, submits this Reply Memorandum in support of his Motion to Remand and in response to the Memorandum of Law of Defendant Pfizer, Inc. in Opposition to Plaintiff's Motion to Remand ("Defendant's Opposition").

### INTRODUCTION

Try as it might, the Defendant, Pfizer, Inc. ("Pfizer" or "Defendant"), has completely failed to advance any valid reason for federal jurisdiction over this case, pursuant to the Class Action Fairness Act ("CAFA"), and its position on this issue has been rejected by every court that has to this point decided the issue. Pfizer's sole basis for removal jurisdiction here is that this action, which was commenced in state court on February 14, 2005 and removed to this Court on March 25, 2005, is subject to CAFA because it was "commenced" in federal court after the effective date of CAFA (February 18, 2005). CAFA provides that it applies only to actions "commenced on or after the date of [its] enactment [February 18]." P.L. 109-2 § 9. Pfizer's

contention is that the commencement of this action, for purposes of CAFA applicability, is the date Pfizer removed it to federal court. One court of appeals and three district courts[1] have already held, contrary to Pfizer's position, that a removed action is "commenced" for purposes of CAFA when it is originally filed in the state court and not when it is removed to federal court. *Pritchett v. Office Depot, Inc.*, 360 F. Supp. 2d 1176 (D. Colo. 2005),[2] *affirmed*, 404 F. 3d 1232, (10th Cir. 2005);[3] *Hankins v. Pfizer, Inc.*, CV 05-1797 ABC (Rzx), at 3 (C.D. Cal. March 25, 2005);[4] *Smith v. Pfizer, Inc.*, Case No. 05 cv-0112-MJR at 9 (S.D. Ill. March 24, 2005);[5] *Lott v. Pfizer, Inc.*, Case No. 05-cv-0230-MJR at 4 (S.D. Ill. April 7, 2005).[6] Each of these decisions squarely confronts the issue raised by Pfizer here (what constitutes commencement of an action under CAFA) and unambiguously rejects Pfizer's argument, holding that "the term 'commenced' in Section 9 [of CAFA] refers to the date the action was first filed in a court of proper jurisdiction, and not the date that it was removed to federal court" and that "the Act does not apply to cases. . . commenced [in state court] prior to February 18, 2005." *Pritchett* DC, 360 F. Supp. 2d at 1181 (footnote omitted). Another recent decision has also held that an action pending in state court prior to the effective date of CAFA, but removed after the effective date, is

---

[1]  There are four district court opinions, two from the same court.

[2]  Referred to herein as *Pritchett* DC.

[3]  Referred to herein as *Pritchett* App.

[4]  Copy submitted with Memorandum in Support of Motion to Remand ("Supporting Memorandum") as Exhibit A.

[5]  Copy submitted with Supporting Memorandum as Exhibit B.

[6]  Copy submitted with Supporting Memorandum as Exhibit C.

not subject to CAFA. *Lander and Berkowitz, P.C. v. Transfirst Health Services, Inc.*, Case No. 4:05CV527 RWS (E.D. Mo., May; 19, 2005) (holding that a case commenced in state court on February 17, 2005, one day before enactment of CAFA, was not subject to CAFA, and granting plaintiff's motion to remand).[7]

Pfizer has not cited a single decision that takes a contrary view on this issue. Confronted with this adverse body of law, Pfizer relies on the fallback of all fallbacks: it argues that these cases were incorrectly decided and are inconsistent with the Act's legislative history.[8] Pfizer also relies on cases decided under other, earlier jurisdictional statutes and amendments and argues that this Court should look to those cases to decide the issue before the Court, rather than looking to more recent decisions addressing **the precise issue raised by Pfizer's removal**.[9] Pfizer is wrong on each of these points.

## ARGUMENT

**A.     The Decisions Cited by Pfizer do not Support its Position Here**

As noted above, Pfizer cites cases construing the term "commenced" in connection with various jurisdictional amendments, primarily amendments increasing the required amount in controversy for diversity jurisdiction. *Id*. These cases, however, do not represent a unanimous view of the interpretation of the term "commenced," even with respect to the jurisdictional

---

[7]     Copy submitted herewith as Exhibit A.

[8]     Defendant's Opposition at 8-14.

[9]     Defendant's Opposition at 3-8.

amendments addressed in therein, due to the presence of contemporaneous contrary authority.[10] By contrast, the decisions addressing commencement under CAFA, cited herein, are burdened by no such contrary authority. We are, as of this writing, aware of no contrary decisions, and Pfizer has not cited any. Further, in at least one of the cases cited by Pfizer, there was no issue as to which jurisdictional amount in controversy applied. In *Engel v. Trustees of Berwick Academy*, 807 F. Supp. 9 (D. Maine 1992), the original complaint was filed in federal court **after** the effective date of the amendment raising the amount in controversy to $50,000. As the Court noted, "[n]o argument has been made here that the $10,000 limit applies to this case." *Id.*, 809 F. Supp. at 10, n. 2. In *Gasper v. National Tea Company*, 1990 WL 6031 (E.D. La. 1990), the Court held that "commenced," for the purposes of the same jurisdictional amendment addressed in *Engel*, meant commenced in federal court, but in doing so, the Court expressed a concern that is relevant here. The *Gasper* Court noted that "any other reading of the new statute would mean that it opened the federal courts to all cases that, otherwise meeting requirements of federal court diversity jurisdiction, did not meet the jurisdictional amount at the time they were brought." *Id.* at *1, citing *Lorraine Motors v. Aetna Cas. & Surety Co.*, 166 F. Supp. 319, 324 (E.D.N.Y. 1958). If this Court were to adopt Defendant's viewpoint of the meaning of "commencement" under CAFA, the result feared by the courts in *Gasper* and *Lorraine* would occur; that is, cases that did not meet the requirements for federal jurisdiction under CAFA at the time they were brought would, nonetheless, be swept into federal court under that later-enacted statute.

---

[10] *See* Supporting Memorandum at 8-9, n.16, 11. *See also Pritchett* App., 404 F. 3d at 1237.

Pfizer also relies on the fact that CAFA omits any reference to commencement in state courts, and compares it to a 1986 amendment of the removal statute which expressly states that it applies to actions commenced in state courts on or after the date of enactment.[11]  This distinction, however, does not advance Pfizer's position.  The courts deciding this issue under CAFA[12] had no trouble finding that "commenced" under CAFA meant commenced in state court, despite the above-referenced distinction and despite CAFA's omission of a specific reference to state courts. Similarly, no such difficulties were incurred by several courts that found actions to be "commenced" under jurisdictional amendments when they were initially filed in state court. *E.g., Keiffer v. Travelers Fire Ins. Co.*, 167 F. Supp. 398, 402 (D. Md. 1958); *Rinehart v. Cincinnati, Inc.*, 716 F. Supp. 7, 8 (E.D. Mich. 1989); *Lomax v. Duchow*, 163 F. Supp. 873, 874 (D. Neb. 1958).

**B.     Pfizer's Position is not Supported by the Legislative History**

Pfizer, in support of its legislative history argument, cites a series of broad, general statements, which have nothing to do with whether or not CAFA is intended to apply to actions pending in state courts as of the date of its enactment.[13]  For example, Pfizer cites vague statements about the Act encouraging federal jurisdiction over class actions or that there is a preference that interstate class actions be heard in federal court.  Pfizer also cites statements totally irrelevant to the issue now before the Court, such as that factual assessments underlying the district court's jurisdictional determination should be heard *de novo* on an appeal and that

---

[11]     Defendant's Opposition at 5-6.

[12]     *Pritchett* App; *Pritchett* DC; *Hankins*, *supra*; *Smith*, *supra*; *Lott*, *supra*.

[13]     Defendant's Opposition at 8-10.

with respect to various exceptions or "carve-outs" to federal removal jurisdiction under CAFA, the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of the exception.[14] Pfizer also cites the general statement of purpose in CAFA, which is to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction."[15] However, as the District Court in *Pritchett* noted,

> the general statement of purpose in Section 2 of the Act does not address the more specific question of Congress' intent with regard to the effect of the Act on existing cases. The legislative history provides some evidence of a Congressional intent not to affect existing cases. . . it is clear that supporters and opponents of the bill in both houses understood that the Act would not apply to pending cases.

*Pritchett* DC, 360 F. Supp. 2d at 1179 (citations omitted).

In contrast to the vague, general statements cited by Pfizer, there are *specific* statements by certain sponsors of the bill which address the precise question at issue, as discussed by the Court of Appeals in *Pritchett*:

> Further, we note the the Congressional Record contains two statements from sponsoring legislators indicating that the bill was not designed to apply to currently pending lawsuits. *See* 151 Cong. Rec. S1080 (daily ed. Feb. 8, 2005) (statement of Sen. Dodd) ("[The Act] does not apply retroactively, despite those who wanted it to. A case filed before the date of enactment will be unaffected by any provision of this legislation."); 151 Cong. Rec. H753 (daily ed. Feb. 17, 2005) (statement of Rep. Goodlatte) ("Since the legislation is not retroactive, it would have absolutely no effect on the 75 class actions already filed against Merck in the wake of the Vioxx withdrawal").

*Pritchett* App., 404 F. 3d at 1236. (footnote omitted).

---

[14] These provisions have absolutely no bearing on the effective date of CAFA or its applicability to pending cases.

[15] Defendants' Opposition at 8, quoting CAFA, Sec. 2(b)(2).

Pfizer counters that floor statements by Congressmen opposed to the legislation "are entitled to little, if any, weight."[16] However, in *NLRB*, one of the cases cited by Pfizer, the Supreme Court "cautioned against. . . reliance upon the views of [a bill's] legislative opponents" in interpreting a statute, but noted that, "[i]t is the sponsors that we look to when the meaning of the statutory words is in doubt." *Id.*, 377 U.S. at 66 (internal quotation marks and citations omitted). And, of course, as the above quotation from *Pritchett* demonstrates, that is exactly what the Court of Appeals did in *Pritchett*: it "look[ed] to" the sponsors of CAFA by quoting statements from two sponsoring legislators. Thus, the Tenth Circuit's (and the District Court's) analysis in *Pritchett* was not inconsistent or in conflict with any Supreme Court or other precedent on the use of legislative history. Indeed, the Tenth Circuit recognized that "[o]rdinarily, individual floor statements are entitled to little weight," but noted that "here, where they are consistent with and cast light upon the meaning of a specific change in the language between an earlier version of the bill and the final Act, the statements confirm our construction of the Act." *Pritchett* App., 404 F. 3d at 1236-1237. The "specific change" that the Court is here referring to is that the original House version of the bill had language expressly applying the removal provisions of CAFA to cases pending as of the date of enactment (but in which a class had not yet been certified), and that, by contrast, neither the Senate version of the bill nor the final version passed by both houses contained such language. *See Pritchett* App., 404 F. 3d at 1235-1236.[17] This change of direction between the original House version and the final version

---

[16]   Defendant's Opposition at 11, n. 3, citing *Garcia v. United States*, 469 U.S. 70 (1984); *Eldred v. Ashcroft*, 537 U.S. 186 (2003); *NLRB v. Fruit & Vegetable Packers & Warehousemen*, 377 U.S. 58 (1964).

[17]   *See also* Supporting Memorandum at 8 (quoting *Pritchett* App. at 1235-1236).

is clear and unambiguous, despite Pfizer's attempt to discount its effect.[18]

## C. Pfizer Fails to Discredit or Distinguish the Decisions Interpreting CAFA

As noted above, unlike the cases cited by Pfizer construing other jurisdictional provisions and amendments, the cases addressing CAFA and the precise issue raised by Pfizer's removal here, have all rejected Pfizer's position. Pfizer's primary response is to suggest that these cases are "incorrectly decided,"[19] and to make vain attempts to distinguish them. At the outset, it should be noted that Pfizer is technically correct when it asserts that *Pritchett* is not binding on this Court. The same, however, is true of the various decisions cited by Pfizer which address other jurisdictional provisions and amendments, none of which are decisions of the First Circuit or this Court.[20] Pfizer does cite a single decision from within the First Circuit, *Engel*, *supra*,[21] but *Engel* has no more controlling or authoritative value in this Court than *Pritchett* (and arguably less, given that *Pritchett* has been decided by a higher federal court).[22]

Pfizer attempts to distinguish *Pritchett* on the basis that in this case, Pfizer seeks to apply CAFA "prospectively to an action commenced in federal court after the effective date" of CAFA as opposed to a case in which "the class has already been certified" or a case that "is about to go to trial."[23] However, the issue here, as seen clearly by the Court of Appeals in *Pritchett* is

---

[18] *See* Defendant's Opposition at 10-11.

[19] Defendant's Opposition at 11.

[20] *See* Defendant's Opposition at 3-8.

[21] Defendant's Opposition at 3.

[22] *See Hart v. Massanari*, 266 F. 3d 1155, 1174 (9th Cir. 2001).

[23] Defendant's Opposition at 12.

whether or not CAFA should be applied to cases pending in state court as of its effective date, without any distinction drawn as to the progress or status of any such cases in state court. *See Pritchett* App., 404 F. 3d at 1233. Moreover, Pfizer's argument on this point does nothing to address the decisions in *Hankins*, *Smith*, *Lott* and *Lander and Berkowitz*, cases that were in their procedural infancy at the time of removal.

Pfizer also contends that the decisions in *Pritchett* and *Hankins* are contrary to Congress' intent in the drafting of CAFA because they rely on the well-accepted presumption that removal statutes are to be strictly construed.[24] However, Pfizer points to no provision of CAFA, nor can it, which vitiates this longstanding principle with respect to the construction of removal statutes. Moreover, both the Court of Appeals and the District Court in *Pritchett*, after having examined CAFA and its legislative history, found the principle (that removal statutes are to be strictly construed) to be left intact after (and with respect to) CAFA. *See Pritchett* App., 404 F. 3d at 1235; *Pritchett* DC, 360 F. Supp. 2d at 1181 ("[a]lthough the Act is unusual in that it seeks to broaden federal jurisdiction in certain specified circumstances it does not purport to abrogate this longstanding rule [that removal statutes are to be strictly construed].)".[25]

**D.     Plaintiffs are Entitled to Costs Under 28 U.S.C. § 1447(c)**

None of the cases cited by Pfizer in opposition to Plaintiffs' request for an award of costs under Section 1447(c) undercut the principle that such an award is subject to the district court's

---

[24]     Defendant's Opposition at 12-13.

[25]     The cases cited by Pfizer do not shrink from this principle; indeed, they endorse it. *See, e.g.*, *Lorraine Motors, Inc. v. Aetna Cas. & Surety Co.*, 166 F. Supp. 319, 322, 323 (E.D.N.Y. 1958); *Hunt v. Transport Indem. Ins. Co.*, 1990 WL 192483 (D. Hawaii 1990), at *2; *Abernathy v. Consol. Cab Co.*, 169 F. Supp. 831, 834 (D. Kan. 1959).

sound discretion or that such an award is not a sanction or punishment of any sort.[26] Both *Alexander v. A.P. Green Industries, Inc.*, 44 F. Supp. 2d 368 (D. Maine 1999) and *Hornbuckle v. State Farm Lloyds*, 385 F. 3d 538 (5th Cir. 2004) involved the far more complex jurisdictional issue of fraudulent joinder, and in each of those cases, the decision not to award costs was dependent on the specific facts before the court. The Court in *Hornbuckle* noted the complexity and uncertainty of assessing whether or not a joinder is fraudulent because it "depends on whether there is arguably a basis for predicting that the state law might impose liability [on the resident defendant] on the facts involved." *Id.*, 385 F. 3d at 542 (internal quotation marks and citations omitted, brackets in original). And in *Alexander*, Judge Hornby noted the limitations of his decision and that it was tied to the specific facts of that case:

> . . . I do not want my review of evidence beyond the complaints or my denial of costs to kindle false hopes in future removing defendants. In the future, costs may be appropriate. Extensive litigation of jurisdictional matters ultimately consumes scarce resources in a way that does little to advance the resolution of the merits of parties' disputes.

*Id.*, 44 F. Supp. 2d at 374. This statement reinforces the principle referenced in Plaintiff's Supporting Memorandum that the purpose of an award of costs under § 1447(c) is not to punish or sanction the removing party but to reimburse the other party for unnecessary litigation costs.[27] *Roxbury Condominium Assoc. v. Anthony S. Cupo Agency*, 316 F. 3d 224 (3d Cir. 2003) is inapposite because in that case, the Court found the cost award unwarranted due to the improper nature of the remand; the remand was for a procedural defect in the removal, but occurred outside the statutory 30-day period.

---

[26] *See* Supporting Memorandum at 13-14 and cases cited therein.

[27] *See* n. 26 *supra*.

## CONCLUSION

This action was improperly removed, and it belongs in the Superior Court where it was originally filed. Accordingly, for the reasons set forth herein and in Plaintiff's Supporting Memorandum, Plaintiff's Motion to Remand should be granted, and costs and attorneys fees should be awarded to the Plaintiff.

Dated: May 20, 2005                                     Respectfully submitted,

_____            /s/David Pastor_____
_____David Pastor (BBO# 391000)
                                                        GILMAN AND PASTOR, LLP
                                                        60 State Street
                                                        37th Floor
                                                        Boston, MA 02109
                                                        Telephone: (617) 742-9700

                                                        **Counsel for Plaintiff**

Of Counsel

Jacqueline Sailer
Gregory Linkh
MURRAY, FRANK & SAILER, LLP
275 Madison Avenue  Suite 801
New York, NY 10016-1101
Telephone:  (212) 682-1818

Roy A. Katriel
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW   Suite 500
Washington, DC 20007
Telephone:  (202) 625-4342

# EXHIBIT A

{00004704.DOC ; 1}

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANDER AND BERKOWITZ, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV527 RWS |
| ) | |
| TRANSFIRST HEALTH ) | |
| SERVICES, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. It is clear that this Court does not have jurisdiction to hear this case. As a result, the motion to remand will be granted.

Defendants argue that this Court has jurisdiction over this case based on the new Class Action Fairness Act, 28 U.S.C. § 1332(d) (the "Act"). This case was filed in state court on February 17, 2005. The Act was passed by Congress on February 17, 2005. President Bush signed the Act into law on February 18, 2005. Section 9 of the Act states that, "[t]he amendments made by this Act shall apply to any civil action commenced *on or after the date of enactment of this Act*." (Emphasis added.)

Defendants argue that it is Congress that enacts a law, not the President.

Plaintiff responds that enactment is the process of making an act into a law, which can occur when the President signs an act into law or when Congress enacts a law over a presidential veto. Plaintiff is correct.

The issue before me is what is the date of enactment for the Class Action Fairness Act. I find that the date of enactment of the Act is February 18, 2005, the day when it was signed into law by the President. The United States Court of Appeals for the Tenth Circuit reached the same conclusion in <u>Pritchett v. Office Depot, Inc.</u>, 404 F.3d 1232 (10th Cir. 2005) ("The date of enactment of the [Class Action Fairness] Act is February 18, 2005.").[1]

Plaintiff is seeking attorneys' fees to cover the cost of Defendants improper removal. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." "In making this determination, the key factor is the propriety of the defendant's removal." <u>Lytle v. Lytle</u>, 982 F. Supp. 671, 674 (E.D. Mo. 1997) (citing <u>Excell, Inc. v. Sterling Boiler & Mechanical, Inc.</u>, 106 F.3d 318,

---

[1]Although it is certainly not binding precedent, the parties may recall a popular episode of the television series Schoolhouse Rock" titled *I'm Just a Bill*. In that episode, Bill sang, "I'm just a bill/Yes, I'm only a bill/And if they vote for me on Capitol Hill/Well, then I'm off to the White House/Where I'll wait in a line/With a lot of other bills/For the president to sign/And if he signs me, then I'll be a law/How I hope and pray that he will/*But today I am still just a bill*." (Emphasis added.)

322 (10th Cir. 1997)). After reviewing the case, it is my determination that an award of attorneys' fees is not warranted.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorneys' fees is **DENIED**.

Dated this 19th Day of May, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE