UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY NATALE, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>PFIZER, INC.,<br><br>              Defendant. | C.A. No. 05-CV-10590-WGY |

## PLAINTIFF'S RESPONSE TO DEFENDANT PFIZER'S NOTICE OF ADDITIONAL SUPREME COURT AUTHORITY

Defendant Pfizer, Inc. ("Pfizer") submitted its Notice of Additional Supreme Court Authority ("Notice of Additional Authority") on June 27, 2005. Pfizer submitted with its Notice of Additional Authority two United States Supreme Court decisions, *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 2005 U.S. LEXIS 5015 (U.S. June 23, 2005) ("*Exxon Mobil*") and *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 2005 U.S. LEXIS 4659 (U.S. June 13, 2005) ("*Grable*"). Pfizer barely mentions *Grable* in its Notice of Additional Authority, but contends that *Exxon Mobil* "confirms that this Court has jurisdiction under CAFA over this case" (Notice of Additional Authority at 1-2). Nothing could be further from the truth.

*Exxon Mobil* is clearly a significant decision with respect to diversity jurisdiction, but it has nothing to do with removal jurisdiction under CAFA. In that case, the issue was "whether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement, provided

the claims are part of the same case or controversy." 2005 U.S. LEXIS 5015 at *8. The Court answered this question in the affirmative, resolving a division among the circuits on this question. *Id*. The Court in *Exxon Mobil* does not address CAFA, except to note that CAFA "is not retroactive" and has no bearing on the Court's analysis of the cases before it. *Id*. at *47. This is, of course, entirely consistent with Plaintiff's position in this case.

Pfizer's attempt to link *Exxon Mobil* to the issue before the Court in this case is, to be charitable, a stretch. Pfizer's contention appears to be that the *Exxon Mobile* Court rejects the principle that removal statutes are to be strictly construed. Pfizer further appears to argue that the decision in *Pritchett v. Office Depot, Inc.*, 404 F. 3d 1232 (10th Cir. 2005), because it relied in part on the narrow construction of removal statutes, is undermined by *Exxon Mobil*. This is ludicrous. There is nothing in *Exxon Mobil* to suggest that the Court is reversing the longstanding rule that removal statutes are to be strictly construed. The Court doesn't even mention this principle, nor does it mention removal at all; and with good reason, because the two cases that are before the Court in *Exxon Mobil* were not removed to federal court. Rather, those cases were initially filed in federal court. 2005 U.S. LEXIS 5015 at *9, 10-11. Therefore, *Exxon Mobil* has absolutely nothing to do with the question before the Court in this case, and should not be considered in connection with Plaintiff's Motion to Remand.

The remainder of Pfizer's Notice of Additional Authority is actually an additional brief in opposition to the Motion to Remand. It is merely a repetitive discussion of why Pfizer contends *Pritchett* was wrongly decided, for the reasons already stated in Pfizer's Opposition to the Motion to Remand. *See* Notice of Additional Authority at 3-5. No further discussion of these points is necessary here.

At the June 13, 2005 hearing on the Motion to Remand, the Court indicated that it was going to grant the Motion to Remand. Plaintiff respectfully submits that there is nothing in the Defendant's Notice of Additional Authority that should change the Court's decision on this matter, and that the Court should adhere to its previously announced intention to grant Plaintiff's Motion to Remand.

Dated: July 8, 2005

                        Respectfully submitted,

                        /s/David Pastor
                        David Pastor (BBO# 391000)
                        GILMAN AND PASTOR, LLP
                        60 State Street
                        37th Floor
                        Boston, MA 02109
                        Telephone: (617) 742-9700

                        Counsel for Plaintiff

<u>Of Counsel</u>

Jacqueline Sailer
Gregory Linkh
MURRAY, FRANK & SAILER, LLP
275 Madison Avenue  Suite 801
New York, NY 10016-1101
Telephone:  (212) 682-1818

Roy A. Katriel
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW   Suite 500
Washington, DC 20007
Telephone:  (202) 625-4342